Chief Justice Robertson,
delivered the opinion of the court.
To an action of debt brouht by McKnight, as assignee, against Rogers, the latter pleaded; that the note sued on, was given in considertion of a female slave sold to him by the assignor and for no other consideration; that at the time of the sale; she labored under a mortal disease, of which she“shorl-!if> añertvards died; that the vendor, knowing of the unsóündness, concealed it, but represented that the slave was sound, and that she was “of no service to him”nor of “any value to him, whatever.” The circuit court sustained a de'murrer to thej said plea; and the only question presented for consideration is, whether or not the plea contains sufficient allegations to show a failure of consideration, and therefore bar the action.
If the plea be, as it must now be taken to be, true; the consideration had entirely failed. If the slave were of no valúe to the plaintiff in error, prima facie, shé could have been of no value to the vendor, or to any other person-. And if she were of no value it was not the duty of the plaintiff to have offered to rescind the *155 contract in a reasonable time after discovering the fraud; (Hardwicke vs. Hardwicke, IV Bibb, 529.) If she had been of any value, the consideration had not failed unless the contract had been legally rescinded by an offer by the plaintiff to rescind it in due time; and therefore, in such a case, the unsoundness would not be pleadable as a bar. But if the slave had been of any value, it is questionable whether the averment that she was unsound and died “shortly” after the sale, should not be considered a sufficient excuse for not making a tender of her to the vendor; we are inclined to think ■that it should be. If a tender had been necessary, the utmost that could have been exacted would have been that, it should be made “shortly” after the discovery of the' fraud.
Richardson, for plaintiff.
It might at least be reasonably inferred, that a formal tender was not practicable, consistently with humanity.
Wherefore, the judgment of the circuit court is ■ reversed, and the cause remanded, with instructions to, overrule the demurrer.